762 So.2d 1080 (2000)
STATE of Louisiana
v.
Troy Anthony FILER.
No. 2000-K-0073.
Supreme Court of Louisiana.
June 30, 2000.
*1081 PER CURIAM:[*]
Granted. The decision of the Third Circuit is reversed, defendant's conviction and sentence are reinstated, and this case is remanded to the court of appeal for consideration of the defendant's assignments of error pretermitted on original appeal. The court below erred in two respects. In State v. Guzman, 99-1528, p. 6 (La.5/16/00), ___ So.2d ___, 2000 WL 631266, this Court expressly overruled its prior decision in State v. Godejohn, 425 So.2d 750, 751 (La.1983), and thereby made clear that a guilty plea colloquy is not part of the record for purposes of error patent review. Accordingly, "whether a trial court complied with La.C.Cr.P. art. 556.1 is not subject to error patent review but must instead be designated as an assignment of error by the defendant on appeal." Guzman, 99-1528 at 6, ___ So.2d at ___. In addition, while La. C.Cr.P. art. 556.1(A) incorporates this Court's preference for personal colloquies between a trial judge and a defendant entering a guilty plea, see State v. Williams, 384 So.2d 779, 781 (La.1980) ("The only realistic means of assuring that the trial judge leaves a record adequate for any later review is to require that the record contain on its face direct evidence that the accused was made aware by the trial judge of his right to a jury trial, his right to confront accusers, and his privilege against compulsory self-incrimination.") (citations omitted), and while the failure of a trial judge to address the defendant individually as well as personally may undermine the validity of any subsequent waiver of his constitutional rights, City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981), the knowing and intelligent waiver of the defendant's rights "depends upon the circumstances of each case." State v. Strain, 585 So.2d 540, 544, n. 7 (La.1991). In the present case, the trial court first individually and personally assessed the defendant's competency and understanding before collectively advising all six defendants present with respect to the trial rights they would waive by entering a guilty plea. Thereafter, the court individually and personally addressed the defendant to assure itself that he had no questions about any of the constitutional rights he was waiving and that he agreed with the prosecutor's statement of the factual basis supporting the guilty plea. In these circumstances, we find no violation of La. C.Cr.P. art. 556.1(A). See Strain, 585 So.2d at 544 ("With this information [from individual questions about his general competency] and by direct observation of defendant in providing the answers, the judge was in a position to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as of the guilty plea."); see also United States v. Martinez-Martinez, 69 F.3d 1215, 1223 (1st Cir.1995) ("Martinez cites no cases ... and our research reveals none, for the proposition that `personally' is synonymous with `individually' under [Fed.R.Crim.P.] Rule 11.").
NOTES
[*] Traylor, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.