769 So.2d 1177 (2000)
STATE of Louisiana
v.
Gene Allen RICHARD, II.
No. 2000-K-0659.
Supreme Court of Louisiana.
September 29, 2000.
PER CURIAM.
Granted. The decision of the Third Circuit is reversed, and this case is remanded to the court of appeal for consideration of the remaining assignments of error, counseled and pro se, pretermitted on original appeal. In State v. Guzman, 99-1528, p. 6 (La.5/16/00), 769 So.2d 1158, *1178 1162, this Court expressly overruled its prior decision in State v. Godejohn, 425 So.2d 750, 751 (La.1983), and thereby made clear that a guilty plea colloquy is not part of the record for purposes of error patent review. The court of appeal therefore erred to the extent that it relied on La.C.Cr.P. art. 920 as authority for reaching the claimed defects in the defendant's guilty plea colloquy. Moreover, even assuming that the defendant's first pro se assignment of error, broadly construed, encompassed a challenge under La. C.C.P. art. 556.1 to the trial court's use of an en masse Boykin procedure, the validity of any guilty plea "`depends upon the circumstances of each case."' State v. Filer, 00-0073, p. 2 (La.6/30/00), 762 So.2d 1080, 1081 (quoting State v. Strain, 585 So.2d 540, 544, n. 7 (La.1991)). In the present case, as in Filer, those portions of the Boykin colloquy which the trial judge conducted personally and individually with the defendant, ranging from his age, work experience and education to the nature of the offense and its penalty provisions, the necessity of compliance with the sex offender registration provisions of La.R.S. 15:542 upon conviction, and the extent of the plea bargain with the state, placed the court in a position to determine the knowing and voluntary nature of the defendant's subsequent waiver of the trial rights the court explained personally but collectively to the several persons entering guilty pleas on the same day. To the extent that it conflicts with the views expressed herein and in Filer, the court of appeal's decision in State v. Lastrapes, 99-0083 (La.App. 3rd Cir.6/30/99), 743 So.2d 224, is disapproved.