886 So.2d 1149 (2004)
STATE of Louisiana
v.
Christopher COLLINS.
No. 04-KA-255.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2004.
*1151 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Appellate Counsel, Andrea F. Long, Counsel of Record on Appeal, Kenneth Bordelon, Trial Counsel, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Martin E. Regan, Jr., Kris A. Moe, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Defendant, Christopher Collins, appeals from his two convictions of operating a vehicle while intoxicated (DWD), fourth offense, and operating a vehicle while his license was suspended, and his respective sentences For the reasons which follow, we affirm.
*1152 On June 1, 2002, Officer Jennifer Sedgebeer, with the Kenner Police Department, was on patrol when she came upon the scene of an automobile accident at the intersection of Williams Boulevard and Vintage Drive involving two vehicles. She stopped and investigated the accident. Two of the four occupants in one vehicle were hurt and an ambulance was called. Officer Sedgebeer then approached the Defendant, the driver of the second vehicle, to determine if he was injured. The Defendant indicated that he was not. She detected a strong odor of alcohol coming from the Defendant. She asked the Defendant if he had been drinking and he replied that he had consumed five beers and had become confused. Officer Sedgebeer conducted a field sobriety test consisting of the eye test which revealed nystagmus. The Defendant refused additional field sobriety tests[1] but Officer Sedgebeer noted on the observation sheet that the Defendant had slurred speech and was unable to stand. Officer Sedgebeer placed the Defendant under arrest and he was transported to jail. The Defendant subsequently refused to submit to the Intoxilyzer breath test.
The Defendant was charged in a bill of information on August 29, 2002 with Count one, third offense DWI in violation of La. R.S. 14:98(D), Count two, failure to yield the right of way in violation of La. R.S. 32:122, and Count three, operating a vehicle while license was suspended in violation of La. R.S. 32:415.[2] He pled not guilty and filed several pre-trial motions. Count one of the bill was subsequently amended on March 17, 2003 to charge the Defendant with fourth offense DWI in violation of La. R.S. 14:98(E). The Defendant was re-arraigned on the amended charge and again pled not guilty. Thereafter, the Defendant filed a motion to suppress the evidence and a motion to quash the second, third and fourth DWI offenses, or predicate pleas, because he was not properly Boykinized.[3] These motions were denied after a hearing on April 29, 2003.
During a bench trial on July 9, 2003, following Officer Sedgebeer's testimony to the above facts, the Defendant presented three defense witnesses: his father, William Collins (Collins), a friend, Tony Strehle (Strehle), and a psychologist, Dr. Edward Shwery.[4] According to Strehle, he had been with the Defendant all day on the date of the accident and did not see him drinking alcohol. Both he and Collins stated that the Defendant had stopped drinking a year to a year and a half prior to the accident. Strehle testified that the Defendant had not been feeling well that day and had taken NyQuil and Tylenol cold medicine. He stated that the Defendant had taken NyQuil prior to leaving the lake to go home that night. Strehle further *1153 testified that the Defendant's truck smelled of beer because he and his friends had borrowed the truck the weekend before and had thrown beer cans in the bed of the truck. According to Strehle and Collins, the beer cans were still in the bed of the truck on the day of the accident.
Dr. Shwery, who examined the Defendant after the incident, testified that the Defendant suffered various mental problems including depression and anxiety. He stated that the Defendant suffers from panic attacks but could not state whether the Defendant's psychological makeup or a panic attack caused the accident at issue.
The trial court found the Defendant guilty of fourth offense DWI (count one) and driving with a suspended license (count three) and not guilty of failing to yield the right of way (count two). The Defendant was sentenced to fifteen years imprisonment at hard labor on the fourth offense DWI conviction, with sixty days to be served without parole, probation or suspension of sentence. The remainder of his sentence was suspended and he was placed on home incarceration for four years after serving the sixty days. He was also ordered to pay a $5,000 fine. For his driving with a suspended license conviction, the Defendant was sentenced to seven days incarceration at hard labor without parole, probation or suspension of sentence, which was ordered to run consecutive to his sentence on count one, and he was ordered to pay a $300 fine. It is from these two convictions and the corresponding sentences that the Defendant appeals. On appeal, the Defendant only assigns one error, challenging his conviction for DWI as a fourth offender.

ASSIGNMENT OF ERROR NUMBER ONE
The Defendant argues that the trial court erred in failing to quash two of the three predicate offenses upon which the fourth offense DWI charge was based on the grounds that there was no showing that the predicate pleas were knowing and voluntary. The Defendant challenges the second and third predicate offenses which are based on convictions in Jefferson Parish and St. Tammany Parish, respectively.
Regarding the second predicate offense, the Defendant maintains that the State only provided a waiver of rights form and failed to provide minutes or a transcript of the plea. He contends that the waiver of rights form with nothing more is insufficient to show that he knowingly and intelligently waived his rights. As for the third predicate offense, the Defendant asserts that the guilty plea was based on an understanding that an earlier St. Charles DWI conviction could not be used against him in the future. Because the St. Charles DWI conviction was being used in this case as the first predicate offense, the Defendant argues that his guilty plea to the St. Tammany charge and resulting conviction was not knowingly and intelligently entered.
The law is well settled that there is a presumption of regularity that attaches to prior convictions in multiple offender DWI cases and the burden is on the defendant to show the prior plea is constitutionally deficient. State v. Nabak, 03-919 (La.App. 5th Cir.12/30/03), 864 So.2d 758, 760. When a defendant challenges the constitutionality of a predicate guilty plea involving the recidivist portion of the DWI statute, the State has the initial burden of proof to show the existence of a guilty plea and that the defendant was represented by counsel when the plea was entered. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559. If the State meets this burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the *1154 taking of the plea. If the defendant carries his burden, the burden shifts back to the State to prove the constitutionality of the plea.[5]Id.
In proving the constitutionality of the plea, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript....If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary....
State v. Hollins, 99-278 (La.App. 5th Cir.8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La.1/5/01), 778 So.2d 587.
After the bill of information was amended to charge the Defendant with fourth offense DWI, the Defendant filed a motion to quash DWI second, third and fourth offenses on the ground that the predicate convictions were based on guilty pleas that were not knowingly and intelligently entered. He attached exhibits pertaining to the third predicate offense to his motion. At the hearing on the motion to quash, the parties merely argued their positions by referencing documents that were neither marked as exhibits nor introduced into evidence. At the conclusion of the hearing, the trial court denied the motion to quash. Subsequently, at trial, the State introduced certified copies of portions of the record pertaining to the predicate offenses.
It is well established that in reviewing a trial court's ruling on a motion to suppress, the appellate court may consider the evidence adduced at the hearing on the motion as well as evidence given at trial. State v. Davis, 02-1008 (La.App. 5th Cir.2/25/03), 841 So.2d 952, 958-959, writ denied, 03-0948 (La.11/7/03), 857 So.2d 516. This Court has applied the same rationale in reviewing a motion to quash based on improper venue. State v. Hester, 99-426 (La.App. 5th Cir. 9/28/99), 746 So.2d 95, 113, writ denied by State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342. The First Circuit extended this rule further to a review of a motion to quash a predicate offense in a DWI proceeding on the ground that defendant was not properly advised of his constitutional rights. State v. Turner, 00-0630 (La.App. 1st Cir.12/22/00), 779 So.2d 906, 908. Thus, based on the foregoing, we will consider the evidence introduced at trial in reviewing the trial court's ruling on the motion to quash the predicate DWI offenses.

Predicate Offense Two  March 19, 1998
The State alleged that the Defendant's second predicate DWI offense was a March 19, 1998 conviction from First Parish Court, Jefferson Parish, bearing the docket number 1152518. At trial, the State introduced a certified copy of the bill of information, the minute entry which indicated that he pled guilty, the sentence and conditions of probation, and a waiver of rights form signed by him, defense counsel and the trial judge. The waiver of rights form evidenced that the Defendant was advised of his right to trial by jury, the privilege against self-incrimination, and the right to confront his accusers. Thus, the State bore its initial burden of proving the existence of a guilty plea and *1155 that the Defendant was represented by counsel at the time he entered the plea.
The burden then shifted to the Defendant to prove, with affirmative evidence, an infringement of his rights or a procedural irregularity in the taking of the plea. At the hearing on the motion to quash, the Defendant simply argued, "[w]e also feel that ... the First Parish Court of Jefferson also inadequately performed the Boykinization." He further asserted that the State's use of the waiver form alone without the plea colloquy transcript was insufficient to prove a knowing and intelligent plea.
Under State v. Carlos, supra, the State was not required to submit transcripts of the guilty pleas in its initial burden of proof. See, State v. Anderson, 00-1737 La.App. 1st Cir.3/28/01), 784 So.2d 666, 681, writ denied, 01-1558 (La.4/19/02), 813 So.2d 421. The Defendant failed to show any constitutional deficiency in the plea and, therefore, the burden never shifted back to the State to prove the constitutionality of the plea. Accordingly, we find that the trial court did not err in denying the Defendant's motion to quash the March 19, 1998 predicate conviction.

Predicate Conviction Three  January 19, 2000[6]
The State based the third predicate conviction on the October 12, 1998 offense that lead to the January 19, 2000 conviction from St. Tammany Parish bearing docket number 296-372 "H". At trial, the State introduced a certified copy of the bill of information, a minute entry, indicating that the Defendant was represented by counsel, was advised of his Boykin rights and pled guilty, and a transcript of the plea colloquy. Thus, the State carried its initial burden of proving a guilty plea and that the Defendant was represented by counsel at the time the plea was entered. At that point, the burden shifted to the Defendant to prove an infringement on his rights or a procedural irregularity with the plea.
The documents show that the Defendant was initially charged with third offense DWI, but pled guilty to a second offense DWI after one of the predicate convictions, a St. Charles Parish conviction, was deleted by the assistant district attorney. The Defendant argues herein that his guilty plea in the St. Tammany conviction was based on the alleged agreement that the deleted St Charles Parish DWI predicate conviction could never be used in another DWI proceeding to enhance the offense. The Defendant contends that the current use of the deleted DWI predicate conviction as a predicate in these proceeding renders the prior St. Tammany plea invalid.[7] The Defendant relies on a notation on the bill of information indicating that the St. Charles predicate DWI conviction was being deleted because there was no Boykin. However, the Defendant offered no evidence of the alleged agreement that the St. Charles DWI conviction could not be used in any other proceeding or that *1156 such an understanding induced him to plead guilty.
The plea colloquy shows that the Defendant was advised of the elements of the crime of second offense DWI. The trial court explained to the Defendant that DWI offenses were enhanceable and reviewed the potential penalties for third and fourth offenses. The trial court then advised the Defendant of his right to a jury trial, his right to confront his accusers, and his right against self-incrimination. The Defendant was asked if he was forced or coerced to plead guilty which he denied. The court further stated:
The court understands that your [sic] willing to plead guilty results from prior discussions between the district attorney and the court and your attorney. The substance of that plea agreement will be disclosed when I impose your sentence. If it is not in accordance with your understanding, you will be allowed to withdraw your plea of guilty and, at that time, reinstate your not guilty plea.
When the Defendant's sentence was imposed, there was no discussion or notation that the St. Charles DWI conviction that was deleted from the bill of information could never be used in a subsequent proceeding. The trial court concluded that the Defendant had knowingly and intelligently entered the guilty plea. The Defendant offered no affirmative evidence of the alleged agreement. Thus, we find that the Defendant failed to carry his burden of proving an infringement on his rights or a procedural irregularity in the taking of the plea.
The Defendant also challenges the third predicate conviction on the basis that the plea colloquy was conducted en masse with sixteen other defendants. While the Louisiana Supreme Court has expressed its preference for personal colloquies between a trial court and a defendant entering a guilty plea on the basis that the failure to individually address the defendant may undermine the validity of any subsequent waiver of the defendant's constitutional rights, the Supreme Court has consistently stated that the knowing and intelligent waiver of the defendant's rights "depends upon the circumstances of each case." State v. Richard, 00-0659 (La.9/29/00), 769 So.2d 1177, 1178 State v. Filer, 00-0073 (La.6/30/00), 762 So.2d 1080, 1081.
In Filer and Richard, the Supreme Court found that the "en masse" plea colloquies sufficiently established that the defendants knowingly and intelligently waived their rights and pled guilty. In both cases, the Supreme Court noted the trial court individually and personally addressed the defendant and assessed the defendant's competency and understanding before collectively advising all the defendants present of the rights they would waive by pleading guilty.
In Filer, the Supreme Court found that the trial court individually and personally addressed the defendant to assure itself that the defendant had no questions about the constitutional rights he was waiving. In Richard, the Supreme Court specifically noted that portions of the plea colloquy were conducted individually with the trial court personally addressing the defendant to ascertain his age, work experience and education and to advise the defendant of the nature of the offense and its penalty provisions. The Supreme Court reasoned that this placed the trial court in a position to determine the knowing and voluntary nature of the defendant's subsequent waiver of his rights.
In the present case, the transcript of the "en masse" plea colloquy shows that the trial court conducted portions of the colloquy individually and personally with the *1157 Defendant. The trial court individually inquired into the Defendant's age and education. Thereafter, the trial court personally and individually advised the Defendant of the nature of the offense with which he was charged and the applicable penalties. The trial court then collectively advised all of the defendants of the constitutional rights that they were waiving by pleading guilty before individually ascertaining whether each defendant understood and waived his or her rights. The Defendant never asked the trial court any questions regarding his rights or indicated any hesitations in his answers. Also, the trial court asked the Defendant's counsel if he were satisfied that the Defendant was knowingly, intelligently, voluntarily and willingly entering a guilty plea, to which counsel affirmatively replied. It is further noted that the Defendant was the only client that his counsel was representing in the plea colloquy.
Thus, we find that, as in Filer and Richard, the record in the present case demonstrates that portions of the plea colloquy were conducted individually and personally so as to afford the trial court an opportunity to assess whether the Defendant's guilty plea was knowing and intelligent. This record clearly establishes that the Defendant's guilty plea in the third predicate conviction was validly entered with a knowing and intelligent waiver of his Boykin rights. Accordingly, we find that the trial court correctly denied the Defendant's motion to quash the January 19, 2000, or third, predicate conviction. This assignment of error lacks merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). Following review, we find no errors patent on the face of the record.
Accordingly, based on the foregoing reasons, we affirm the Defendant's two convictions, operating a vehicle while intoxicate, fourth offense, and operating a vehicle while his license was suspended, and the respective sentences, on the first count, to fifteen year imprisonment, with 60 days to be served without benefit of parole, probation or suspension of sentence, and the remainder suspended with four years of home incarceration, and with a $5,000 fine and, on the second count, to seven days imprisonment without benefit of parole, probation or suspension, to run consecutive, and a $300 fine.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Officer Sedgebeer testified at trial that these additional tests consisted of the "walk and turn" test and standing on one foot and following directions.
[2] The joinder of these three offenses in one bill of information was improper. See, La.C.Cr.P. art. 493. However, the Defendant waived the misjoinder of offenses by not filing a motion to quash the bill of information on the basis of misjoinder of offenses as required by La.C.Cr.P. art. 495 and by moving forward with the trial. See, State v. Mallet, 357 So.2d 1105, 1109 (La.1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 (1979), where the Supreme Court found that the "misjoinder of offenses may be waived by the failure to timely assert it by a motion to quash, and improper consolidation of offenses for trial may be waived by the failure to object."
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)
[4] The testimony of Strehle and Shwery were taken in advance of trial for perpetuation purposes.
[5] This burden shifting scheme was first enunciated in State v. Shelton, 621 So.2d 769 (La.1993), which involved habitual offender proceedings. State v. Carlos, supra, extended Shelton's burden shifting scheme to the recidivist portions of the DWI statute.
[6] The bill of information lists the date of this conviction as October 12, 1998. The record reveals October 12, 1998 was the date of the offense and January 19, 2000 was the actual date on which the Defendant pled guilty. (Exhibit S-13). This minor error does not affect the validity of the bill of information. See, State v. Bailey, 04-85 (La.App. 5th Cir.5/26/04), 875 So.2d 949; State v. Perez, 02-587 (La.App. 5th Cir.11/26/02), 831 So.2d 542, 547, writ denied, 03-0221 (La.5/2/03), 842 So.2d 1100.
[7] The deleted St. Charles Parish DWI conviction was used in the current proceeding as the first predicate conviction listed in the bill of information.