# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 12-882

STATE OF LOUISIANA

VERSUS

RICHARD VITAL

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-947-10
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.**

**Peggy J. Sullivan
Louisiana Appellate Project
Post Office Box 2806
Monroe, Louisiana 71207
(318) 855-6038
COUNSEL FOR DEFENDANT/APPELLANT:**
    Richard Vital

**Michael Cade Cassidy
District Attorney—Thirty-first Judicial District
Post Office Box 1388
Jennings, Louisiana 70546-1388
(337) 824-1893
COUNSEL FOR APPELLEE:**
    State of Louisiana

**Richard Vital, Pro Se
Dixon Correctional Institute, U-2 D-1
Post Office Box 788
Jackson, Louisiana 70748-0788**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

**12-882**

**STATE OF LOUISIANA**

**VERSUS**

**RICHARD VITAL**

On Appeal from the Thirty-first Judicial District Court, Docket Number C-947-10, Parish of Jefferson Davis, State of Louisiana, Honorable Craig Steve Gunnell, District Judge.

**O R D E R**

After consideration of appellate defense counsel's request to withdraw as counsel of record and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate defense counsel's motion to withdraw as counsel of record is granted.

THUS DONE AND SIGNED this _____ day of __January____, 2013.

**COURT OF APPEAL, THIRD CIRCUIT**

_____
**Judge Elizabeth A. Pickett**

_____
**Judge James T. Genovese**

_____
**Judge Shannon J. Gremillion**

**GENOVESE, Judge.**

## FACTS AND PROCEDURAL HISTORY

In this criminal case, a grand jury indicted Defendant, Richard Vital, on November 23, 2010, with aggravated rape of a female under the age of thirteen, a violation of La.R.S. 14:42(3). Defendant entered a plea of not guilty on December 13, 2010. On June 17, 2011, the State amended the charge to forcible rape, a violation of La.R.S. 14:42.1. Defendant then changed his plea to guilty.[1] The trial court sentenced Defendant to thirty years with the Department of Corrections, with the first two years to be served without benefit of parole, probation, or suspension of sentence, with credit for time served, and with the sentence to run concurrently with his distribution of cocaine sentence.

Defendant filed a motion to reconsider his sentence, which was denied. Defendant then filed an application for post-conviction relief (PCR) seeking an out-of-time appeal on October 17, 2011. The application for PCR alleged that Defendant's plea was not voluntarily or knowingly made and that he did not plead guilty, even though he "admitted certain criminal activity." The trial court granted the application for PCR, and Defendant was allowed the appeal on December 15, 2011.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that there are no non-frivolous issues existing upon which to base an appeal; she has also filed a motion to withdraw as Defendant's appellate counsel. Defendant, pro se, has also

---

[1]Defendant also pled guilty in the same plea agreement to distribution of cocaine, a violation of La.R.S. 40:967(A)(1). That plea is the subject of a separate appeal docketed under number 12-881 of this court.

filed a brief. We affirm Defendant's conviction and sentence, and we grant Defendant's appellate counsel's motion to withdraw as counsel of record.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENTS OF ERROR

Defendant's appellate counsel alleges that there are no non-frivolous issues upon which to base an appeal and has filed an *Anders* brief. An *Anders* analysis will follow the discussion of Defendant's pro se assignments of error.

### *DEFENDANT'S PRO SE ASSIGNMENTS OF ERROR:*

Because both of Defendant's pro se assignments of error allege a violation of his constitutional rights, they will be jointly addressed.

1. The Trial Court erred when it failed to individually advise defendant/appellant of his right to a jury trial, his privilege against self-incrimination and his right to confront his accusers. Faulty Boykinization of Appellant.

2. Cumulative Effect of Constitutional errors committed before, during, and after this trial effectuated serious denial of Equal Protection and Due Process Rights guaranteed by both the State of Louisiana and United States Constitution. The Trial Court erred when it failed to individually advise defendant/appellant of his right to a jury trial, his privilege against self-incrimination and his right to confront his accusers.

Defendant contends his constitutional rights were violated at the plea hearing because the trial court failed to individually advise him of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Those rights were read to him and two other defendants in different cases as a group. The trial court then asked each defendant individually, including Defendant, if he

2

understood his guilty plea and if he waived all those rights. Specifically, the record indicates:

> THE COURT: Mr. Vital, do you understand that by pleading guilty today that you're waiving all of these rights?
>
> MR. VITAL: (nods head affirmatively.)
>
> THE COURT: I'm sorry?
>
> MR. VITAL: Yes, sir.

Defendant's application for PCR did not allege the reading of the *Boykin* rights to the group was improper. Rather, it contended that his plea was not knowingly and intelligently made because the trial court did not advise him of those rights and because the plea "was not entered by his own mouth, but by the trial court judge."[2]

The Louisiana Supreme Court addressed the issue of reading *Boykin* rights to defendants as a group in *State v. Richard*, 00-659 (La. 9/29/00), 769 So.2d 1177. The court stated:

> Moreover, even assuming that the defendant's first pro se assignment of error, broadly construed, encompassed a challenge under La.C.C.P. art. 556.1 to the trial court's use of an en masse *Boykin* procedure, the validity of any guilty plea "'depends upon the circumstances of each case.'" *State v. Filer*, 00-0073, p. 2 (La.6/30/00), 762 So.2d 1080, 1081 (quoting *State v. Strain*, 585 So.2d 540, 544, n. 7 (La.1991)). In the present case, as in *Filer*, those portions of the *Boykin* colloquy which the trial judge conducted personally *and* individually with the defendant, ranging from his age, work experience and education to the nature of the offense and its penalty provisions, the necessity of compliance with the sex offender registration provisions of La.R.S. 15:542 upon conviction, and the extent of the plea bargain with the state, placed the court in a position to determine the knowing and voluntary nature of the defendant's subsequent waiver of the trial rights the court explained personally but collectively to the several persons entering guilty pleas on the same day. To the extent that it conflicts with the views expressed herein

---

[2]The application for PCR also alleged ineffective assistance of counsel. That issue is not raised on appeal and will not be reviewed pursuant to Uniform Rules—Courts of Appeal, Rule 1–3.

and in *Filer*, the court of appeal's decision in *State v. Lastrapes*, 99-0083 (La.App. 3rd Cir.6/30/99), 743 So.2d 224, is disapproved.

*Id.* at 1178.

Here, the trial court individually questioned Defendant about his education and lack of physical or mental condition, medication, drugs, or alcohol that might prevent his understanding of the proceedings. The trial court verified that Defendant had the opportunity to discuss his "case, the facts, the possible defenses, and the consequences of [his] plea of guilty" to the forcible rape charge. Defendant confirmed that no one had forced, threatened, or coerced him into making his plea. The trial court reviewed the possible maximum sentence with Defendant before accepting his plea. Both Defendant and the State recommended a sentence of thirty years with the Department of Corrections, to run concurrently with the sentence he was receiving in another case. The trial court reviewed the lifetime notification and registration requirements regarding sex offender status. Defendant further indicated that he had reviewed and signed the Plea of Guilty and Waiver of Rights form with his attorney. The trial court's colloquy with Defendant allowed the trial judge to determine the knowing and voluntary nature of Defendant's waiver of his rights and subsequent guilty plea. Thus, Defendant's pro se assignments of error lack merit.

*ANDERS ANALYSIS:*

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was

4

properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" appellate counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been violated." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983) and *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Defendant's appellate counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d 241. Thus, appellate counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief citing two potential errors for appeal. First, counsel considered an excessive sentence argument. He determined the sentence imposed was in accordance with the plea agreement; thus, it is not subject to review on appeal. The plea agreement does not indicate that Defendant and the State agreed

5

on his sentence. However, at the plea hearing, Defendant's appellate counsel included the sentence as part of the plea agreement. Counsel for the State confirmed her agreement. Defendant indicated that he heard and he understood the recommended sentence. The trial court sentenced Defendant according to that recommendation.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id.* at 39.[3]

Here, Defendant and the State jointly recommended the sentence the trial court imposed. Defendant may not seek review of a sentence he recommended to the court and subsequently received. Defendant's appellate counsel correctly concluded that Defendant cannot make a non-frivolous argument on appeal, alleging an excessive sentence.

Next, appellate counsel considered whether the trial court incorrectly denied Defendant's motion to reconsider his sentence because he had already begun to

---

[3]*Jordan*, 716 So.3d 36, cites *State v. Watkins*, 97-364 (La.App. 3 Cir. 10/8/97), 700 So.2d 1172; *State v. Laroux*, 93-719 (La.App. 3 Cir. 2/2/94), 631 So.2d 730, *writ denied*, 94-577 (La. 6/3/94), 637 So.2d 498; and *State v. Lewis*, 633 So.2d 315 (La.App. 1 Cir. 1993). However, these cited cases preclude appellate review when sentencing is imposed according to a sentencing cap; they do not address the issue of sentencing imposed according to a jointly recommended sentence.

6

serve the sentence. In fact, La.Code Crim.P. art. 881.1(C) allows the trial court to resentence a defendant despite the commencement of his sentence when he files a timely motion to reconsider, as Defendant did here. However, the trial judge also noted that Defendant's "sentence was part of a plea agreement stated for the record"; thus, it was not subject to review. La.Code Crim.P. art. 881.2(A)(2). Defendant's appellate counsel concluded that neither of these possible issues would offer Defendant relief. Accordingly, counsel seeks to withdraw as counsel of record.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including the pleadings, the minute entries, the charging instrument, and the transcripts, and we have confirmed the statements by Defendant's appellate counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. Contrary to the allegations of Defendant's pro se assignments of error, the trial court correctly informed Defendant of his *Boykin* rights and discussed his possible sentence for forcible rape.

## DISPOSITION

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issues addressed by counsel and the issues raised in the pro se assignments of error. Therefore, we affirm Defendant's conviction and sentence and grant Defendant's appellate counsel's motion to withdraw as counsel of record on appeal.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**