STATE OF LOUISIANA

VERSUS

SARAH TYNER

NO. 25-K-350

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 24-6178, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

September 17, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT GRANTED IN PART, DENIED IN PART; RULING ON MOTION
TO QUASH AS TO GEORGIA CONVICTION REVERSED; STAY
DENIED**
    **JGG**
    **MEJ**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Darren A. Allemand

COUNSEL FOR DEFENDANT/RELATOR,
SARAH TYNER
 Eugene P. Redmann

**GRAVOIS, J.**

Defendant/relator, Sarah Tyner, seeks this Court's supervisory review of the trial court's July 16, 2025 ruling which denied her motion to quash predicate DWI convictions. Defendant also requests that this Court stay the proceedings in this matter pending a ruling on her writ application. For the following reasons, we deny the writ application in part, as to the trial court's denial of the motion to quash the Alabama predicate conviction, and grant the writ application in part, as to the trial court's denial of the motion to quash the Georgia predicate conviction. We reverse the trial court's ruling on the motion to quash as to the Georgia predicate conviction. We deny defendant's request for a stay. We remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

According to the writ application, defendant was charged with DWI, fourth offense, a violation of La. R.S. 14:98 and R.S. 14:98.4, with the State charging three out-of-state convictions as predicate offenses (guilty pleas from Alabama and Georgia, and a conviction following a trial in Mississippi). In her motion to quash, defendant asserted that the prior guilty pleas were unconstitutionally accepted and requested that the DWI fourth-offense charge be quashed. Following a hearing on July 10, 2025, the trial court denied the motion in a written judgment dated July 16, 2025. In this writ application, relator does not challenge the trial court's refusal to quash the Mississippi predicate conviction.

By this writ application, defendant argues that the records from the Alabama and Georgia convictions show there is no waiver of rights form, no transcript of a colloquy with the judge, and no minute entry reflecting that she was advised of and waived her constitutional rights. Defendant contends that the only documents produced are sentencing orders, which do not state that she was informed of her rights or that she waived them.

25-K-350 1

On August 26, 2025, the State filed an Opposition to the writ application. With its Opposition, the State included the July 10, 2025 hearing transcript and the exhibits it attached to its Opposition to the motion to quash and admitted at the motion to quash hearing. With the supplementation from the State, the writ application is sufficient for this Court to address the merits thereof.[1]

*Trial court proceedings*

On May 23, 2025, defendant filed a motion to quash the three predicate offenses. Defendant also filed a memorandum in support of the motion to quash, arguing that none of the three predicate convictions were supported by waiver of rights forms or colloquies. She asserted that the prior pleas were unconstitutionally accepted and requested that the DWI fourth-offense charge be quashed.

On July 2, 2025, the State filed an opposition to the motion to quash and an incorporated memorandum. The State argued that it would satisfy its initial burden at the hearing by proving the existence of the prior guilty pleas and that defendant was represented by counsel when the pleas were entered, whereupon the burden would shift to defendant to produce affirmative evidence of a constitutional violation or procedural irregularity. The State argued that defendant's claim rested merely on the absence of documentation, which does not amount to affirmative evidence of a rights violation. The State attached certified documentation from the three predicate cases which were formally introduced at the hearing. Additionally, the State noted that the Mississippi conviction followed a trial, not a plea, and therefore does not fall within the framework defendant relies on.

At the motion to quash hearing on July 10, 2025, defense counsel sought to quash the two convictions from Alabama and Georgia. Counsel asserted there was

---

[1] Defendant failed to include the bill of information with the writ application in violation of Uniform Rules–Courts of Appeal, Rule 4-5(C)(8), which provides that the contents of the writ application shall contain "a copy of the indictment or the bill of information in criminal cases."

no *Boykin*[2] form, colloquy, or minute entry that defendant was advised of her rights and waived them. Counsel pointed out that although there were attorneys of record in both cases, they did not sign anything, and it was unclear whether they were present on the days the purported pleas took place. Counsel contended that the exhibits provided by the State were sentencing orders and did not provide evidence of a waiver of her rights. Counsel argued there was nothing to support the convictions and that the two convictions should be quashed.

The State argued that Exhibits B and C established counsel represented defendant when the Alabama and Georgia pleas were taken and that it had met its initial burden, requiring defendant to show any infringement of rights or irregularity. The State maintained that the defense offered no affirmative evidence to the contrary.

After taking the matter under advisement, on July 16, 2025, the trial court issued a written judgment denying the motion to quash. Having reviewed the memoranda, exhibits, and entire record, and considering *State v. Carlos*, 98-1366 (La. 7/7/99), 738 So.2d 556, and *State v. Shelton*, 92-3070 (La. 7/1/93), 621 So.2d 769, the court found that the State presented sufficient evidence to establish the existence of the three predicate convictions listed in the bill of information. The court noted that one of the predicates resulted from a conviction following a trial by jury. As to the two guilty pleas, the court found that the defense failed to offer any affirmative evidence demonstrating that the pleas were constitutionally deficient.

## LAW AND ANALYSIS

A motion to quash can be employed to attack the constitutionality of prior convictions used to enhance a DWI charge. *State v. Boudreaux*, 13-394 (La. App.

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

5 Cir. 12/12/13), 131 So.3d 342, 345, *writ denied*, 14-115 (La. 6/20/14), 141 So.3d 807. A trial court's ruling on a motion to quash should not generally be reversed in the absence of a clear abuse of the trial court's discretion. *State v. Agregaard*, No. 22-K-82, 2022 WL 819172 (La. App. 5 Cir. 3/18/22), *writs denied*, 22-605 (La. 6/22/22), 339 So.3d 641, and 22-642 (La. 6/22/22), 339 So.3d 645.

A presumption of regularity attaches to prior convictions in multiple offender DWI cases, and the burden is on the defendant to show the prior guilty plea is constitutionally deficient. *State v. Collins*, 04-255 (La. App. 5 Cir. 10/12/04), 886 So.2d 1149, 1153, *writ denied*, 04-2798 (La. 3/11/05), 896 So.2d 62.

In *State v. Carlos*, 738 So.2d 556, *supra*, the Louisiana Supreme Court extended the burden-shifting principles for habitual offender proceedings to the recidivist provisions of the DWI statute. Thus, when a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving: 1) the existence of the prior guilty plea, and 2) that the defendant was represented by counsel *when the plea was taken*. *Id*. at 559. If the State meets this initial burden, "the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." *Id*. If the defendant makes the required showing, the burden reverts to the State to produce a "perfect" *Boykin* transcript, *i.e.*, one "which reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in *Boykin*." *Id*. at 559 n.4. Anything less than a "perfect" transcript, "such as a guilty plea form or minute entry, will require the

trial judge to weigh the evidence submitted by both sides and determine whether the defendant's *Boykin* rights were prejudiced." *Id.* at 559.[3]

In *State v. Balsano*, 09-735 (La. 6/19/09), 11 So.3d 475, 479 (*per curiam*), the Louisiana Supreme Court held that for guilty pleas entered in Louisiana before December 8, 1971, and for all non-Louisiana guilty pleas used to enhance a defendant's sentence following a subsequent conviction, a defendant does not satisfy his burden of proof on collateral attack merely by presenting contemporaneous records revealing a violation of the three-right rule. *Id.* at 482. Rather, the Louisiana Supreme Court stated that the defendant must show that his guilty plea did not represent a knowing and voluntary choice among available alternatives. *Id.* at 482 (citing *State v. Harris*, 97-1352 (La. 10/31/97), 702 So.2d 678, 679).[4]

Also, in *State v. Morgan*, 13-1495 (La. 2/28/14), 134 So.3d 1160 (*per curiam*), the Louisiana Supreme Court found that the State could use a prior non-Louisiana guilty plea for enhancement purposes even though the State introduced a waiver of rights form that did not contain the judge's signature, and there was no transcript of the plea proceedings or a minute entry showing a guilty plea colloquy during which the defendant was informed of his rights. The court noted that the defendant and his attorney signed the waiver of rights form which enumerated the trial rights waived by a guilty plea. The Supreme Court further noted that the defendant did not claim below that he was not informed of his *Boykin* rights by the court or that he did not understand them, only that no proof existed in those respects. Citing *State v. Balsano*, the court stated that the defendant "failed to

---

[3] In *Boykin v. Alabama*, 395 U.S. 238, *supra*, the United States Supreme Court emphasized three federal constitutional rights that are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers.

[4] *Balsano* also recognized that, in many cases, prior DWI convictions used to enhance sentences are misdemeanor offenses in which the defendant does not have the right to a jury trial, shrinking the three-right rule to two rights.

produce any affirmative evidence that the contemporaneous statements of counsel on the waiver form did not reliably establish the knowing and voluntary [sic] of the guilty plea as a waiver of the enumerated trial rights both he and counsel acknowledged by signing the form." *Id*. at 1161-62.

Here, the State provided Exhibit B for the Alabama conviction and Exhibit C for the Georgia conviction, and both were admitted into evidence at the hearing on motion to quash.

### *The Alabama conviction*

Exhibit B introduced by the State consists of an Order from the Municipal Court for the City of Aliceville, Alabama. The Order indicates that defendant appeared in open court and was represented by a Scott Foster. It further provides that the court accepted a plea of guilty to "DUI & RECKLESS DRIVING." The Order is dated July 12, 2018, and contains the signatures of both defendant and the judge. The State also attached a second page, but the title of the document appears to be cut off. It contains a visible stamp reading "Court Action and Disposition." This page includes the same date of July 12, 2018; the signature of the judge or magistrate; Scott Foster listed in the section titled, "Attorney for Defendant"; and a checkmark in the "Plea of Defendant" section indicating "Guilty as charged."

In *State v. Clark*, 22-1305, 2023 WL 6158164 (La. App. 1 Cir. 9/21/23), the First Circuit reiterated that pre-printed forms such as the one introduced by the State here have been found sufficient to meet the State's initial burden under *Shelton* and *Carlos*. *Id.*

Based on these documents, it appears that defendant pled guilty on July 12, 2018, and was represented by counsel, Scott Foster. Accordingly, the State satisfied its initial burden under *Carlos* of establishing the existence of the Alabama guilty plea and that the plea was counseled.

Having met that initial burden, the burden then shifted to defendant to produce affirmative evidence showing an infringement of her rights or a procedural irregularity in the taking of the plea. *See Carlos*, 738 So.2d 556. In her motion to quash and memorandum in support thereof, defendant argued that the predicate convictions were not supported by waiver of rights forms or colloquies. She asserted that the prior pleas were unconstitutionally accepted. At the hearing, the defense argued that the Alabama and Georgia convictions should be quashed because there was no *Boykin* form, colloquy, or minute entry showing a waiver of rights, the attorneys of record had not signed anything and may not have been present, and the State's exhibits were merely sentencing orders insufficient to establish valid pleas.

In *Collins*, 886 So.2d at 1155, this Court noted that at the hearing on the motion to quash, the defendant simply argued, "We also feel that … the First Parish Court of Jefferson also inadequately performed the Boykinization." The defendant further asserted that the State's use of the waiver form alone without the plea colloquy transcript was insufficient to prove a knowing and intelligent plea. *Id.* This Court found that under *Carlos*, the State was not required to submit transcripts of the guilty pleas in its initial burden of proof. This Court held that the defendant failed to show any constitutional deficiency in the plea, and therefore, the burden never shifted back to the State to prove the constitutionality of the plea. This Court found that the trial court did not err in denying the defendant's motion to quash the predicate conviction. *Id.*

In *Clark*, 2023 WL 6158164, after determining the State met its initial burden, this Court stated that the burden shifted to the defendant to show that the guilty plea was not voluntary as a constitutional matter, meaning that it did not represent a knowing and voluntary choice among available alternatives. This Court found that the defendant did not present any evidence in this regard, and

there was nothing in the forms presented by the State, in meeting its initial burden, to show such defect. This Court held because the defendant failed to meet his burden of proof, the burden never shifted back to prove the constitutionality of the plea. Therefore, this Court found no error or abuse of discretion in the trial court's denial of the defendant's motion to quash the predicate guilty plea. *Id*. at *3.

In *State v. Bush*, 20-259 (La. App. 1 Cir. 12/30/20), 318 So.3d 151, the First Circuit held that under the burden shifting principals of *Shelton* and *Carlos*, the defendant may not simply rely on the absence of a recitation of his *Boykin* rights in the documentation presented by the State. The court held that as the defendant failed to meet his burden of proof, the burden never shifted back to the State to prove the constitutionality of the plea. *Id*.

In *State v. Montoya*, 07-734, 2007 WL 3407777 (La. App. 1 Cir. 11/2/07), the State introduced certified copies of the Uniform Complaint and Summons; the Misdemeanor Information; the Judge's Judgment, Orders, Minutes, and Docket Sheet; and the Circuit Court Criminal Docket Sheet as proof of each of the Missouri guilty pleas alleged as a predicate. *Id*. at *3. The burden then shifted to the defendant to produce affirmative evidence of constitutional violations as to either of the Missouri predicates. Instead, at the hearing on the motion to quash, counsel for the defendant failed to produce any evidence and only argued that the State failed to produce evidence the Missouri judge explained that a subsequent conviction of DWI would result in harsher penalties for a felony. The First Circuit held that because the defendant failed to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the pleas, the burden never shifted back to the State to prove the constitutionality of the prior guilty pleas. *Id*.

Here, nothing in the Alabama documents establishes, or even suggests, that defendant's plea of guilty did not represent a knowing and voluntary choice among

available alternatives. Further, defendant offered no evidence on the issue, instead arguing that the State's documentation failed to reveal a *Boykin* colloquy or that she was represented by counsel, which as noted above appears inaccurate. As defendant failed to meet her burden, the burden never shifted back to the State to prove the constitutionality of the Alabama plea. *See Clark*, 2023 WL 6158164. Thus, the trial court did not err in denying defendant's motion to quash as to the Alabama predicate guilty plea.

***The Georgia conviction***

As to the Georgia conviction, the State introduced two documents in defendant's case from the Municipal Court for the City of Summerville, Georgia, both dated June 21, 2019. The first is a Waiver of Arraignment reflecting defendant's waiver of formal arraignment, and the second is a Notice of Appearance, both indicating Steven A. Miller's representation of defendant. The State also provided what appears to be an Order on a pre-printed form from the Municipal Court of the City of Summerville. In case numbers 19T501 and 19T502, the Order reflects that defendant was charged with "DUI Child Endangerment" (offenses 4 and 5). The Order includes a checkmark next to "Negotiated Plea Accepted by the Court," and a checkmark next to "Guilty on Counts," with "1, 4, & 5" handwritten beside it. The Order further sets forth the misdemeanor sentence and conditions of probation, is dated July 23, 2019, and bears the judge's signature. Additionally, the certificate of service section appears to be signed by both a probation officer and defendant on that same date.

As discussed above, the fact that the Order is on a pre-printed form does not in and of itself render the State's evidence inadequate to meet its initial burden. *See Clark*, 2023 WL 6158164. As such, based on the documents provided, we find that the State met its initial burden of proving the existence of the Georgia predicate offense. However, although the Waiver of Arraignment and Notice of

Appearance reflect that defendant was represented by counsel approximately a month earlier on June 21, 2019, nothing in the July 23, 2019 Order references counsel or otherwise confirms in any way that defendant was represented by counsel *when the plea was taken* on July 23, 2019. As such, the State's evidence does not establish that defendant was represented by counsel at the time the Georgia predicate guilty plea was taken. *See State v. Carlos*, *supra*, 738 So.2d at 559. Generally, when the record does not establish representation, the State is required to show a valid waiver of counsel before the burden may be shifted to the defendant.[5] Therefore, we conclude that the trial court erred by shifting the burden to defendant to produce affirmative evidence showing an infringement of her rights or a procedural irregularity in the taking of that plea.[6]

## CONCLUSION

The trial court did not err in denying defendant's motion to quash as to the Alabama predicate conviction. However, the trial court erred in denying defendant's motion to quash as to the Georgia predicate conviction.

## DECREE

For the foregoing reasons, the writ application is denied in part, as to the trial court's denial of the motion to quash the Alabama predicate conviction, and granted in part, as to the trial court's denial of the motion to quash the Georgia predicate conviction. Accordingly, the trial court's ruling on the motion to quash

---

[5] Generally, if the record reflects that a predicate plea was uncounseled, the State has the burden of proving a valid waiver of counsel. *State v. Domino*, 10-661 (La. App. 5 Cir. 1/25/11), 60 So.3d 659, 664-65. The right to counsel is a fundamental right guaranteed by both the federal and state constitutions. U.S. Const. amend. VI; La. Const. of 1974, art. 1, § 13. An uncounseled misdemeanor conviction, absent a valid waiver of counsel, may not serve as a predicate for enhancement of a subsequent DWI offense. *State v. Dillon*, 12-67 (La. App. 5 Cir. 9/11/12), 101 So.3d 970, 975. The State bears the burden of proving that an unrepresented defendant knowingly and intelligently waived the right to counsel before pleading guilty to a predicate misdemeanor DWI conviction used to enhance a subsequent DWI offense. *Id.*

[6] The Georgia plea documents contain no reference to defendant's *Boykin* rights.

as to the Georgia predicate conviction is reversed.  Defendant's request for a stay is

denied.  The matter is remanded to the trial court for further proceedings.

**<u>WRIT GRANTED IN PART, DENIED IN
PART; RULING ON MOTION TO QUASH
AS TO GEORGIA CONVICTION
REVERSED; STAY DENIED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

# NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 17, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 25-K-350

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
DARREN A. ALLEMAND (RESPONDENT)      THOMAS J. BUTLER (RESPONDENT)      EUGENE P. REDMANN (RELATOR)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(RESPONDENT)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053