841 So.2d 38 (2003)
STATE of Louisiana
v.
Brandon L. McDONALD.
No. 2002-KA-2347.
Court of Appeal of Louisiana, Fourth Circuit.
February 19, 2003.
*39 Harry F. Connick, District Attorney, Scott Peebles, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge PATRICIA RIVET MURRAY and Judge MICHAEL E. KIRBY).
WILLIAM H. BYRNES, III, Chief Judge.
On April 5, 2002, Brandon L. McDonald was charged by bill of information with possession of crack cocaine in violation of La. R.S. 40:967(C). He entered a plea of not guilty at his arraignment on April 15, 2002. However, on April 29, 2000, McDonald withdrew his earlier plea and entered a plea of guilty as charged. On July 8, 2002, he was sentenced to serve three years at hard labor under La. R.S. 15:574.5, The About Face Program in Orleans Parish Prison.
The minute entry states that the defense filed a motion to reconsider the sentence on July 8, 2002, although the record does not indicate whether the motion was granted or denied. The record does not contain a copy of the motion, and the transcript does not refer to the motion. In a conflict between the transcript and the minute entry, the transcript prevails. State v. Page, 95-2410 (La.App. 4 Cir. 8/21/96), 680 So.2d 700, writ denied, 96-2352 (La.2/21/97), 688 So.2d 522. Therefore, there is a presumption that no motion was filed. The trial court granted McDonald's motion for an appeal.
The facts of the case are not part of the record because McDonald pleaded guilty. However, according to the police report, the officers observed him smoking marijuana, and he was arrested. When he was searched pursuant to his arrest, a single rock of cocaine was found in his pocket.
McDonald contends that the trial court erred in failing to advise him of the prescriptive period for post-conviction relief under La C.Cr.P. art. 930.8. However, this article contains merely precatory language and does not bestow an enforceable right upon an individual defendant. State v. Handy, XXXX-XXXX (La.App. 4 Cir. 1/24/01), 779 So.2d 103, 104, writ denied, XXXX-XXXX (La.3/28/02), 812 So.2d 651; State v. Moore, 99-2684 (La.App. 4 Cir. 12/20/00), 777 So.2d 600, 608, writ denied, XXXX-XXXX (La.12/14/01), 803 So.2d 986; State v. Echols, 99-2226 (La.App. 4 Cir. 10/4/00), 774 So.2d 993, 997, writ denied, XXXX-XXXX (La. 10/5/01), 798 So.2d 962.
In the interest of judicial economy, we note for the defendant that La.C.Cr.P. art. 930.8 generally requires that applications for post-conviction relief be filed within two years of the finality of a conviction.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.