JAMES F. McKAY III, Chief Judge.
It The defendant, Steven Dominick, appeals the judgment of the trial court denying his motion for a downward departure from a previously agreed ten year sentence. We find no error in the trial court’s denial of this motion. However, we find that the trial court erred in failing to impose a mandatory fine pursuant to La. R.S. 14:81.1(E)(1)(a). As such, we affirm the defendant’s conviction and sentence and remand the matter to the trial court for the imposition of the statutorily required fine.
STATEMENT OF THE CASE
In ease number 505-411 “E”, the defendant was charged by bill of information on April 27, 2011, with one hundred and thirty-nine counts of violation of La. R.S. 14:81.1[1], to wit, pornography involving juveniles. On May 6, 2011, the defendant entered a plea of not guilty. On June 17, 2011, the trial court held a preliminary hearing and found probable cause to substantiate the charges and bound the defendant for trial. That same day, the trial court denied the defendant’s motion to suppress evidence.
|2On October 6, 2011, the State filed a response to the defendant’s motion for a bill of particulars and a notice of intent to introduce evidence in accordance with La. C.E. art. 412.2. The trial date was continued several times throughout October and November of 2011. On March 13, 2012, the defendant withdrew all one hundred and thirty-nine former not guilty pleas and pled guilty as charged to an agreed upon sentence of ten years per count, each to run concurrently with the others. On August 8, 2012, the defendant appeared for formal sentencing. Prior to the formal sentencing, the defendant filed a written motion for consideration of downward departure of a previously agreed ten year sentence. The trial court denied the motion and sentenced the defendant to ten years on each of the one hundred and thirty-nine counts(violations) pursuant to La. R.S. 14:81.1, to wit, pornography involving juveniles, to run concurrently with *252 any and all other sentences being served, with credit for time served.
FACTS
Detective James O’Hern testified that on June 10, 2010, he was executing a search warrant on the defendant in a separate case and seized the defendant’s computers, which were placed on the books at the New Orleans Police Department central property and evidence department and then delivered to the Attorney General’s Office. On February 11, 2011, a forensic analyst at the Attorney General’s Office contacted Detective O’Hern and advised that contraband had been discovered that was “outside the scope of the original search warrant.” The contraband consisted of twenty-four videos and forty-six still images of pornography involving juveniles. Accordingly, Detective O’Hern executed an |,^arrest warrant on the defendant which charged the defendant with seventy counts of possession of pornography involving juveniles. The defendant was subsequently charged with one hundred and thirty-nine counts of possessing or possessing with the intent to distribute pornography involving juveniles, a violation of La. R.S. 14:81.1.
ERRORS PATENT
A review of the record evidences one error patent with respect to sentencing. At the time the defendant committed the offenses, La. R.S. 14:81.1(E)(1)(a) provided that whoever commits the crime of pornography with juveniles shall be fined not more than ten thousand dollars and be imprisoned at hard labor for not less than two years or more than ten years, without benefit of parole, probation, or suspension of sentence.[2]
However, when the trial court sentenced the defendant, the trial court failed to state that the sentences were to be served without benefit of parole, probation, or suspension of sentence, and failed to impose a fine.[3] This Court has recognized that “paragraph A of La. R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court.” State v. Wyatt, 2011-0219, p. 20 (La.App. 4 Cir. 12/22/11), 83 So.3d 131, 143 (citing State v. Williams, 20001725 (La.11/28/01), 800 So.2d 790). Accordingly, “this Court need take no action to correct the trial court’s failure to specify that the defendant’s sentences be served without benefit of parole, probation or suspension of sentence” because it is statutorily effected. State v. Wyatt, 2011-0219, p. 20, 83 So.3d at 143 (citing La. R.S. 15:301.1(A)).
With respect to the failure to impose a fine, “[tjhis court has determined that the failure to impose a mandatory fine requires that the matter be remanded for the imposition of that fine.” State v. Hart, *253 2010-1614, p. 4 (La.App. 4 Cir. 11/2/11), 80 So.3d 25, 29 (citing State v. Williams, 2003-0302, pp. 3-4 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, 753). Therefore, we remand the matter for the imposition of the mandatory fíne.
DISCUSSION
ASSIGNMENT OF ERROR NUMBER 1
In the defendant’s sole assignment of error he asserts that the trial court abused its discretion in denying his motion to reconsider sentence. Despite the defendant’s assertions on appeal, our review of the record indicates that the defendant moved the trial court on a motion for consideration of a downward departure from his previously agreed upon sentence that was pursuant to a plea agreement, which the trial court denied. This denial is the only judgment on appeal in the case subjudice, case # 505-411 “E.” The defendant’s motion for downward departure was filed and denied prior to the formal sentencing.
Specifically, the defendant asserts, in his motion for downward departure, that mitigating evidence that was discovered after he had entered a guilty plea but prior to sentencing, is of such a nature that the agreed upon sentence of ten years |fishould be reduced. He argues that the trial court must consider mitigating factors before imposing a sentence; the newly discovered mitigating evidence suffices to allow the trial court to reconsider his ten-year sentence. See La.C.Cr.P. art. 894.1.
The defendant argues that on the computer from which the pornographic material was seized, he was using LimeWire, “a popular computer application used by many to download and distribute music, pictures and videos.” Additionally, the defendant attached an article to the motion for downward departure entitled “How Li-meWire Works”, which described how Li-meWire worked with a network protocol called Gnutella, a peer-to-peer sharing device. The defendant also argues that according to “[m]any articles on the Internet,” child pornography videos would often “get mixed up with” adult pornography videos without the users’ knowledge. Additionally, the defendant cites a report from the Federal Trade Commission that explained “inadvertent exposure to pornographic or other inappropriate materials when sharing files through [peer-to-peer networks].” Specifically, the defendant argues that the FTC report establishes that file sharing software such as LimeWire has the ability to select files for sharing, and that as a result, files would be sent and received by a user without the user’s knowledge.
Likewise, the defendant argues, peer-to-peer software is generally susceptible to viruses and spyware, which search for shared folders on a computer and then become inserted into the file, potentially “adjusting] shared folders on a user’s hard drive so that the user ended up sharing more files than he intended.” The defendant requests this Court take judicial notice, pursuant to La.C.Cr.P. art. 201,[4] “that viruses are so sophisticated that it is possible that a virus will add |6folders and files to a person’s computer without the owners’ consent or knowledge.”
The defendant further argues that the Second Circuit has acknowledged that the possession of child pornography could occur accidentally, citing State v. Horton, 42,199, p. 13 (La.App. 2 Cir. 6/20/07), 962 So.2d 459, 467, in which the court stated the following:
*254 La. R.S. 14:81.1(A)(3) unambiguously states that “pornography involving juveniles includes the intentional possession ... or possession with intent to sell or distribute....” Thus, there appears to be no mistake by the legislature in intending to punish not only possession with intent to sell or distribute, but also merely “intentional possession.” Additionally, the words “intentional possession,” taken in their usual sense, mean that the individual knowingly and voluntarily possessed the pornography, in contrast to circumstances where a person downloads images from the internet without realizing that some images included in the download were child pornography.
State v. Horton, 42,199, p. 18 (La.App. 2 Cir. 6/20/07), 962 So.2d 459, 467.
The defendant further argues that the State alleged that the majority of the child pornographic files on the defendant’s computer were under the file name “PRI-VATE2”, which, as previously noted, could have been infected with spyware or a virus, or could have been used by numerous other individuals who had access to the defendant’s computer. The defendant notes that he kept his password for the computer at issue taped to the wall near the computer, and therefore, the computer could have been easily accessed by his son, his girlfriends, or co-workers. The defendant contends that these facts refute the argument that he intended to download the pornography involving juveniles.
The defendant acknowledges that his trial attorneys advised him that “[t]he state has entries that show work documents were being drafted by you in MS word while pornography files were being accessed.” However, the defendant argues that |7there is a simple explanation for this, because the “last accessed” time upon which his trial attorneys relied was inaccurate because, according to correspondence counsel for the defendant received from “Computer Expert, Wes Atta-way”, “the Last Accessed Time is not a reliable indicator of when (or even if) a file was viewed by a human operator.”
With regard to alleged mitigating factors, counsel for the defendant argued that counsel had “never handled a child pornography case where the child pornography was stored as overtly as it was in this case”, because, according to the defendant’s trial counsel, the child pornography was allegedly discovered in a subfolder of PRIVATE2 entitled “cp vid.” This filen-ame, the defendant argues, mitigates his guilt because the lack of concealment of the pornography, which was “strewn about randomly in the PRIVATE2 and PRI-VATE2/cpvid folders” thereby “indicates a lack of an awareness of the contraband, not an intent to possess said contraband.” Counsel for the defendant also cites the correspondence from the defendant’s trial counsel that acknowledged that Detective O’Hern inserted a zip drive into the defendant’s computer and thus “had custody and control over the computer before it was sent to the State AG’s office for forensic analysis” and notes that this fact is “especially curious” when considered with the “overt location of the child pornography” on the defendant’s computer.
The defendant also contends that the number and nature of the pornographic images and videos involving juveniles that he possessed was “not aggravating”, citing a law professor’s blog entry which quoted an article from Canada wherein a Canadian law official stated that he had seen seizures of child pornography with over one million images and twelve hundred videos. In contrast, the defendant argues, he possessed “nowhere close” to this amount, and furthermore, the types of loimages he possessed were “not abnormal *255 for child pornography cases” as “the majority of child pornography cases include these images.”
Despite the fact that the trial court indicated that it did review the motion, the defendant’s reliance on La.C.Cr. Pro. art 894.1, is misguided. The defendant’s asserted mitigating factors clearly address his guilt or innocence in the case sub judi-ce, and are not a basis for a sentencing downward departure.
Therefore, the defendant’s assertions concerning issues of mitigation factors are meritless and are of no moment in this appeal.
The entire matter in the ease sub judice is confounded by the fact that the defendant was sentenced in both case #497-512, and case # 505-411 (the instant matter) on the same day, which in the same transcript memorialized what transpired at the August 8, 2012 formal sentencing.
As evidenced in the transcript:
By the Court;
All right. Miss Tizzard, I understand you have some filings you’d like to place in the record before we begin.
By Ms. Tizzard:
Yes, Your Honor. At this time I’m filing in case #497-512, a motion to withdraw guilty plea. Also in case # 497-512, a motion to proffer evidence in support of the motion to withdraw guilty plea. In case # 497-512, a formal request for a hearing on the motion to withdraw guilty plea.
And in case number 505-411, a motion for consideration of downward departure of a previously agreed to ten-year sentence based on mitigation evidence that is attached, Your Honor.
By the Court:
... And as to your motion to withdraw the guilty plea of Mr. Dominick in case number 497-512, I have reviewed this motion. And at this time I am going to deny your request.
And again, I previously reviewed this. And then in 505-411, I have previously reviewed your motion for a consideration of a downward departure of the previously agreed upon ten-year sentence of Mr. Dominick. And at this time I am going to deny your request.
|9Ms. Tizzard:
Note my objection, Your Honor.
Clearly, the defendant’s objection was based upon the trial court’s denial of his motion for downward departure in case # 505-411. The trial court, subsequent to this objection, proceeded to sentence the defendant in case # 505-411.
The State maintains that the trial court properly denied the defendant’s motion for a downward departure pursuant to La.C.Cr.P. art. 881.2(A)(2),[5] arguing that the defendant accepted the ten-year sentence in conformity with his guilty plea. The State also cites a passage from State v. Taylor, 44,205, pp. 5-6 (La.App. 2 Cir. *256 5/13/09), 12 So.3d 482, 484-85, wherein the Second Circuit found that reviewing claims of excessiveness where the sentence imposed was within an agreed range pursuant to a plea bargain was a waste of judicial resources:
Finally, in the past this court, in an abundance of caution, often has reviewed excessiveness claims even after stating that a sentence imposed within an agreed range cannot be appealed as excessive. However, we conclude that this practice is not in the interest of sound judicial administration, because it encourages meritless appeals, like this one, that challenge only the alleged ex-cessiveness of a sentence imposed pursuant to and in conformity with a sentencing cap voluntarily and intelligently agreed to by the defendant. Such appeals waste judicial resources. Counsel representing defendants who have no other issues are hereby cautioned against filing such appeals.
The State’s argument has merit. The defendant was properly informed of what his sentence would be prior to the actual imposition of sentence. The record contains a copy of the defendant’s Felony Waiver of Constitutional Rights/Plea of | ipGuilty Form, wherein the defendant acknowledged that the sentencing range was two to ten years. At the March 13, 2012 hearing, during which the defendant withdrew his not guilty pleas and entered guilty pleas to the 139 counts of pornography involving juveniles, the trial court plainly advised the defendant that the sentencing range for his offenses was two to ten years and that the sentence would be subsequently determined at a sentencing hearing:
THE COURT:
Have the acts constituting the offenses to which you are pleading guilty been explained to you?
[DEFENDANT]:
Yes, they have.
THE COURT:
As well as the fact that the sentencing range as to the five counts of forcible rape, the range is five to a maximum of 40 years on each count; as to the extortion, the range is one to a maximum of 15 years on each count; as to the second-degree kidnapping, the range is five to 40 years; as to the six counts of stalking the range is one to five years; do you understand that? [DEFENDANT]:
Ido.
THE COURT:
And as to the pornography involving juveniles, the sentencing range as to each count is two to a maximum of ten years in the department of corrections. Do you understand that ? [DEFENDANT]:
I do.
THE COURT:
And that the sentence you will receive will be determined at the hearing that will be held on May 3rd? [DEFENDANT]:
Yes, I do.
(emphasis added)
| irIt is evident that all parties agreed to the deferment of sentencing and were under the impression that an agreement as to sentencing, regarding the case with respect to the pornography involving juveniles, had been reached prior to formal sentencing. Specifically, counsel for the defendant’s request for a downward departure was captioned as a “Motion for Consideration of Downward Departure of a Previously Agreed Ten Year Sentence.” Additionally, at the formal sentencing hearing, defense counsel stated at the outset of the hearing, “And in case number *257 505-411, a motion for consideration of downward departure of a previously agreed to ten-year sentence based on mitigation evidence that is attached, Your Honor.”
The trial court was unequivocal in its opinion that the defendant had agreed to a ten year sentence, as the trial court stated, “[a]nd then in 505-411, I have previously reviewed your motion for a consideration of a downward departure of the previously agreed upon ten-year sentence for Mr. Dominick. And at this time I am going to deny your request.” Additionally, the trial court stated:
All right. Mr. Dominick, let me have you approach the podium for me.
And let me just state for the record that some of the parties are asking for sentences that are not in conjunction with the agreement that we made with the victims in this case. And, Mr. Dominick, at this time I am going to enforce the plea agreement, although it was not made in consideration for your testimony in another case, but prior to you going to trial with the attorneys that you had at this time and with the State. With the consideration of the victims and their input, sir, I agreed that if you pled guilty prior to trial, that I would sentence you to 20 years in the Department of Corrections in case number 497-512. And as to 505-411, ten years in the Department of Corrections. And, Mr. Dominick, I am going to enforce that agreement, because that is the agreement that we made.
(emphasis added)
112Here, there is no evidence in the record that the defendant raised an objection that the ten-year sentence was not previously agreed upon pursuant to his guilty plea. Conversely, there is also clear evidence in the record that the defendant was informed that he was facing a ten-year sentence pursuant to his guilty plea. The matter can only go to its logical conclusion that based on objective evidence the defendant, the court and the State knew the defendant would be sentenced to ten years. To reiterate, nowhere in the record did the defendant assert or object to the fact that he was unaware of the ten-year sentence.
As previously noted, when the trial court sentenced the defendant as to the charges of pornography involving juveniles, the trial court stated:
As to case number 505-411, Mr. Dominick, sir, you also pled guilty in this case on March 12th of this year — March 13th, excuse me, of this year. And as to each count of the pornography involving juveniles, sir, I’m going to sentence you to ten (10) years in the Department of Corrections, run those concurrent with any and all sentences, and give you credit for any time you’ve served. And again, this is an agreed upon sentence that we had prior to you going to trial.
(emphasis added).
In conjunction with this issue, it is clear that the defendant knowingly, intelligently, and voluntarily[6] entered an un *258 qualified guilty plea and that the 1 ,¿fundamental Boykin requirements were satisfied.[7] This Court recently recognized “that ‘[i]t is well settled that entry of an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof either by appeal, or where appeal is unavailable, by supervisory review.’ ” State v. Pete, 2012-0378, pp. 5-6 (La.App. 4 Cir. 3/20/13), 112 So.3d 353, 357 (emphasis added)(quoting State v. Sellers, 2004-1922, 2004-1923, p. 5 (La.App. 4 Cir. 4/20/05), 902 So.2d 418, 421). Accordingly, “[b]ecause this assignment of error involves a non-jurisdictional defect, this Court is not required to entertain it.” State v. Pete, 2012-0378, p. 6, 112 So.3d at 357 (citing State v. Sellers, 2004-1922, p. 6, 902 So.2d at 421).
Furthermore, the record evidences that the defendant did not file a motion to withdraw the guilty plea in connection with this case.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s convictions and sentence and remand for the imposition of the statutorily mandated fine.
AFFIRMED IN PART AND REMANDED IN PART.

. La. R.S. 14:81.1 provides, in pertinent part:
A. (1) It shall be unlawful for a person to produce, promote, advertise, distribute, possess, or possess with the intent to distribute pornography involving juveniles. (2) It shall also be a violation of the provision of this Section for a parent, legal guardian, or custodian of a child to consent to the participation of the child in pornography involving juveniles.

. La. R.S. 14:81.1(E)(1)(a) was amended to provide that, effective August 1, 2012, “[w]ho-ever intentionally possesses pornography involving juveniles shall be fined not more than fifty thousand dollars and shall be imprisoned at hard labor for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence.” See Acts 2012, No. 446, § 1 (emphasis added).

. The trial court sentenced Defendant as follows:
BY THE COURT:
I’ll let you take that up.
As to case number 505-411, Mr. Dominick, sir, you also pled guilty in this case on March 12th of this year — March 13th, excuse me, of this year. And as to each count of the pornography involving juveniles, sir, I’m going to sentence you to ten (10) years in the Department of Corrections, run those concurrent with any and all sentences, and give you credit for any time you’ve served. And again, this is an agreed upon sentence that we had prior to you going to trial. I’ll note your objections as to that, [counsel for Defendant].

. Although the defendant references La. C.Cr.P. art 201, the correct reference for judicial notice of adjudicative facts is La. C.E. art 201.

. La.C.Cr.P. art. 881.2(A) provides:
A. (1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.
(2) The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
La.C.Cr.P. art. 881.2(A) (emphasis added); see also State v. Vital, 2012-882, pp. 5-6 (La.App. 3 Cir. 2/6/13), 107 So.3d 1279, 1283-84 (emphasis added).

. The colloquy between the defendant and the trial court at the March 13, 2012 hearing transpired in part as follows:
THE COURT:
Mr. Dominick, I hold before me two waiver of rights plea of guilty forms, one in case No. 497-512, for the crime of five counts of forcible rape, three counts of extortion, one count of second-degree kidnapping, and six counts of stalking.
And then the second, in case No. SOS-All, for 139 counts of pornography involving juveniles. Have you been informed of and do you fully understand the charges to which you are pleading guilty?
[DEFENDANT]:
*258 Yes.
THE COURT:
Do you understand that you would have the right to a trial by judge or jury in each of these cases, and if convicted, the right to an appeal?
[DEFENDANT]:
I do, Your Honor.
THE COURT:
And that by entering these pleas of guilty in each of these cases, Mr. Dominick, do you understand that you are waiving both your right to trial and an appeal?
[DEFENDANT]:
I do.
THE COURT:
Mr. Dominick, sir, are you entering these pleas of guilty to these crimes because you are, in fact, guilty?
[DEFENDANT]:
Yes, I am.
THE COURT:
Have you been forced, threatened, coerced, or intimidated in any way into making these pleas?
[DEFENDANT]:
No.
(emphasis added).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)