STATE OF LOUISIANA      *      NO. 2022-KA-0607

VERSUS      *

     COURT OF APPEAL

MARVIN SANTIAGO      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-01592, DIVISION "E"
Honorable Eric A. Bopp,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Karen K. Herman)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**


Perry Michael Nicosia, District Attorney
Daniel J. Dysart, Assistant District Attorney
Ashton Licciardi, Assistant District Attorney
34th JDC, St. Bernard Parish
1101 W. St. Bernard Hwy
Chalmette, LA 70043

     COUNSEL FOR STATE/APPELLEE


Bruce G. Whittaker
LOUISIANA APPELLATE PROJECT
P.O. Box 791368
New Orleans, LA 70179

Marvin L. Santiago #154001
Concordia Parish Correctional Facility
26536 Hwy. 15
Ferriday, LA 71334

     COUNSEL FOR DEFENDANT/APPELLANT

                       **CONVICTION REVERSED**
                         **March 7, 2023**

Defendant, Marvin L. Santiago, appeals his conviction and sentence for failure to register and notify as a sex offender, or a child predator, a violation of La. R.S. 15:542.1.4. (1). Defendant contends his conviction should be reversed because the trial court improperly limited him to six peremptory challenges, rather than twelve challenges, during the jury selection process.

La. C.Cr.P. art. 799 provides that a penalty which imposes imprisonment at hard labor entitles the defendant and the State to twelve peremptory challenges. The penalty for failure to register and notify as a sex offender or child predator mandates imprisonment at hard labor. Therefore, Defendant was deprived of his constitutional and statutory jury trial rights when the trial court restricted Defendant to six peremptory challenges. Accordingly, we reverse Defendant's conviction.

# PROCEDURAL HISTORY[1]

Defendant proceeded to trial after he entered a not guilty plea to the charge of failure to register as a sex offender. After voir dire of the first jury panel and the parties began their jury challenges, the trial court informed the State that it had three peremptory challenges left and informed Defendant that he had exhausted his peremptory challenges. At that point, the State had used three peremptory challenges and Defendant had exercised six peremptory challenges. Voir dire continued with the calling of a second jury panel.

The following exchange occurred after the second panel was questioned and the parties resumed exercising their jury challenges:

> STATE: We're at number seven, Judge, and based on the last, defense's out, we have three strikes, correct?
>
> COURT: That's correct.
>
> DEFENSE: I used six, right.

The defense later attempted to exercise a seventh peremptory challenge against Juror Charlene Serigne. However, the trial court denied the challenge, stating to the defense, "[n]o. You're out. You had six." Defendant made no additional attempts to exercise any further peremptory challenges. At the conclusion of voir dire, a twelve-jury panel was sworn and empaneled, which included Juror Serigne, the juror the defense had attempted to strike.

At the mid-point of the State's case-in-chief, the trial court discussed with the parties that each had been entitled to twelve peremptory challenges, instead of the six peremptory challenges the trial court had directed. The following discussion took place:

---

[1] The facts of Defendant's underlying conviction are not addressed herein as they are not relevant to our review of the issues raised on appeal.

COURT: Before we get started and bring the jury back in, there was some discussion during the break about the fact that during the jury selection, the defense was restricted to six peremptory exceptions, and that came up at the time of the break. And so I'm going to go ahead and let y'all make y'all's argument. So, first, defense, I'll let you make it and then State, I'll let you respond.

STATE: Just for the record, Your Honor, before Mr. Tonry puts on any motions, both parties received six from the Court. It wasn't that the defense received six and the State got something else.

COURT: Right, right. I guess I should be clear in my statement that there were actually both parties are entitled to six exceptions, or at least that's what the Court had directed, that both parties were entitled to six peremptory exceptions. And in looking up the statute or the Code of Criminal Procedure Article, actually, because this is a sentence of imprisonment at hard labor, that the parties have 12 peremptory exceptions. So I think that's what your - -

DEFENSE: That's correct, Judge. I spoke to my client about this, and the fact that we used our six challenges and we didn't pursue trying to seek anymore [sic] believing that we had only six instead of 12, I discussed this with my client, Mr. Santiago, and he does wish to move forward and request a mistrial for this issue.

STATE: Your Honor, for the State, with respect to that, Your Honor indicated six strikes would be afforded to both sides. At that time, you know, it was agreeable to both the State and defense. There was no objection raised at the time. And just to note on 799.1, the challenge of the use of all available challenges is that the jury, you know, shall not be sworn in until both parties agree on the jury composition or have exercised all challenges available to them, unless otherwise agreed to by the parties.

So, from the State's perspective, Your Honor, you know, that was something that was, essentially, the parties agreed to and nothing was raised at that time, and the jury was sworn. We're now midway through the case, and for those reasons, Your Honor, we would object to any mistrial.

COURT: Anything else added to that, Mr. Tonry.

3

DEFENSE: No, Your Honor.

COURT: Okay. At this time I know there's a question as to whether—we know that the defense had used up all six of the peremptory exceptions that the Court had assigned. I think there's a question as to whether or not there was any request for any other peremptory exceptions that the Court had assigned. I think there's a question as to whether or not there was any request for any other peremptory exceptions subsequent to that during the voir dire process. But I think in connection with the Code of Criminal Procedure Article 799.1, I'm going to deny the motion for mistrial.

The trial continued after the denial of Defendant's motion for mistrial. At the conclusion of the one-day trial, Defendant was found guilty as charged by a unanimous vote.

After the trial's conclusion, Defendant filed a motion for a new trial. Defendant argued that the trial court erroneously denied his motion for mistrial based on the trial court's improper limitation on the number of peremptory challenges to which Defendant was allowed during the jury selection process. The trial court denied the motion for new trial. Defendant was sentenced to four years in the Louisiana Department of Corrections, with credit for time served, two years without benefit of parole, probation, or suspension of sentence, and two years suspended.

Thereafter, the trial court granted Defendant's motion for appeal.

**TIMELINESS OF THE APPEAL**

Before we begin our review of the merits of Defendant's appeal, we shall first address the State's argument that Defendant's appeal should be dismissed as untimely.

La. C.Cr.P. art. 914 mandates that a motion for appeal must be made no later than "[t]hirty days after the rendition of the judgment or ruling from which the

4

appeal is taken," or "[t]hirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed." Because no motion to reconsider sentence was filed, Defendant had thirty days from June 14, 2022, the date of his sentencing, to perfect his appeal; however, Defendant did not file his motion for appeal until August 2, 2022, after the delays specified by La. C.Cr.P. art. 914 had expired. On its face, Defendant's appeal was therefore untimely.

The appropriate procedural remedy for a defendant seeking to exercise his right to appeal after the time for appealing has elapsed is a timely-filed application for post-conviction relief seeking an out-of-time appeal. *State v. Harrison*, 2017-0054, pp. 28-29 (La. App. 4 Cir. 3/21/18), 239 So.3d 406, 424 (citation omitted); *State v. Counterman*, 475 So.2d 336, 339 (La. 1985).

The circumstances of *Harrison* are similar to those presented here. In *Harrison*, the State filed a motion to dismiss the defendant's untimely appeal, which this Court denied, holding as follows:

> There is no indication in the record that the defendant ever intended to waive his constitutionally protected right to appeal his convictions and sentences and he would be entitled to an out-of-time appeal pursuant to *State v. Counterman,* 475 So.2d 336, 338 (La. 1985), in which the Supreme Court acknowledged the "constitutional right to appeal (or to other review on the record) in criminal cases in Louisiana when the defendant is to be subjected to imprisonment or fine" under La. Const. art. I § 19. *Id.*, 475 So.2d at 339. . . .
>
> The defense herein filed its motion for appeal well within the two-year period prescribed for filing an application for post-conviction relief seeking an out-of-time appeal pursuant to La. C.Cr.P. art. 924-930.8. Under these circumstances, remanding the case to the district court to address the timeliness of the appeal would be a waste of time and judicial resources.

> Therefore, we will consider the untimely-filed motion for appeal as timely-filed application for post-conviction relief and deny the State's motion to dismiss the appeal.

*Harrison*, 2017-0054, p. 29, 239 So.3d at 424. *See also State v. Laneheart*, 2012-1580, pp. 2-3 (La. App. 4 Cir. 2/26/14), 135 So.3d 1221, 1225 (finding that while the defendant failed to file a timely motion for appeal, the State failed to object to his untimely appeal and dismissing the defendant's appeal to allow him to properly seek reinstatement of his appeal rights would delay the proceedings without reason.).

As in *Harrison*, there is no indication Defendant intended to waive his right to appeal, and Defendant filed his motion for appeal well within the two-year period prescribed for filing an application for post-conviction relief seeking an out-of-time appeal. Under these circumstances, remanding the case to the district court to address the timeliness of the appeal would delay the proceedings unnecessarily. We find that Defendant's appeal is properly before the Court.

## ASSIGNMENTS OF ERROR

Defendant argues that the trial court's restriction of his peremptory challenges to six was reversible error as his charged offense is necessarily punishable by imprisonment at hard labor, which entitled Defendant to twelve peremptory challenges. In conjunction therewith and/or alternatively, Defendant maintains that if the error was waived for purposes of direct appeal due to trial counsel's failure to contemporaneously object pursuant to La. C.Cr. P. art. 841, then, he was denied effective assistance of counsel, which also mandates reversal of his conviction.

## DISCUSSION

### *Trial Court's Restriction of Defendant's Peremptory Challenges*

6

The Louisiana Constitution guarantees that "[t]he accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law."[2]  As previously referenced herein, La. C.Cr.P. art. 799 provides that "[i]n trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the state twelve for each defendant."

In the case *sub judice*, Defendant was charged with failure to register and notify as a sex offender or child predator, a violation of La. R.S. 15:542.1.4(A)(1). The penalties for such a violation are as follows:

> A. (1)  A person  who fails to timely register, fails to timely provide any information required by the provisions of this Chapter, fails to timely and periodically renew and update registration as required by the provisions of this Chapter, fails to timely provide proof of residence, fails to timely provide notification of change of address or other registration information, or fails to provide community notification as required by the provisions of this Chapter, and a person who knowingly provides false information as provided in R.S. 15:542(C)(3), **shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence**. (Emphasis added).

Because Defendant was charged with an offense necessarily punishable by imprisonment at hard labor, under La. C.Cr.P. Art. 799, Defendant and the State were each entitled to twelve peremptory challenges.  Therefore, the district court, unquestionably erred when it restricted the number of Defendant's peremptory challenges to six.

Notwithstanding, the State, citing La. C.Cr.P. art. 841, counters that Defendant is barred from raising this argument on appeal, pointing out that Defendant did not make a contemporaneous objection during voir to the trial

_____

[2] La. Const. Art. 1 § 17 (1974).

court's erroneous limitations on the number of peremptory challenges. La. C.Cr.P. art. 841(A) provides, in relevant part, that "[a]n irregularity or error cannot be availed of after verdict unless it was object to at the time of occurrence." However, Defendant argues that "the error [herein] is such a fundamental deprivation of [his] constitutional and statutory jury trial rights" that reversal is mandated, notwithstanding any issues as to whether Defendant lodged a timely objection. We find Defendant's argument has merit.

As to the State's argument that Defendant should be precluded from raising this error because he did not timely lodge an objection as pursuant to La. C.Cr.P. art. 841, we find that Defendant tacitly objected during voir dire. This implicit objection occurred when defense counsel attempted to exercise a seventh peremptory challenge to remove Juror Sereigne and the trial court erroneously disallowed that challenge by declaring that Defendant had exhausted his peremptory challenges. Therefore, appellate consideration of this error is not time-barred, and we therefore return to our review of the merits.

The Louisiana Supreme Court has repeatedly held that the exercise of all available peremptory challenges is a substantial right of the defendant, guaranteed by the Louisiana constitution; and when that right is affected, prejudice is presumed and reversal is required. *See State v. Lewis,* 2012-1021, p. 10 (La. 3/19/13), 112 So.3d 796, 802. The *Lewis* Court explained the significance of an accused's right to challenge jurors peremptorily as follows:

> In Louisiana, the peremptory challenge is protected by and preserved in the constitution. La. Const. art. I, § 17 ("The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law"). While the exercise of a peremptory challenge is provided through legislation, La. C.Cr.P. arts. 795, 799, and 799.1, it is not merely a statutory right. Thus, this court has long recognized

8

> that when a defendant is forced to utilize a peremptory challenge to correct a district court's error in denying a challenge for cause and thereafter exercises all available peremptory challenges on other prospective jurors, a substantial right of the defendant, guaranteed by the Louisiana constitution, is affected. *State v. Monroe,* 366 So. 2d 1345, 1347 (La. 1978). In such instances, prejudice is presumed. *Id.*; *State v. Juniors,* 2003-2425, p. 8 (La. 6/29/05), 915 So. 2d 291, 305.

*Id.* As such, Louisiana courts have found that "[a]n erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error." *State v. Holiday*, 2017-01921, p. 28 (La. 1/29/20), 340 So.3d 648, 677, citing *State v. Cross,* 1993-1189, p. 6 (La. 6/30/95), 658 So.2d 683, 686.

Here, in violation of La. C.Cr.P. art. 799, the trial court's limitation of Defendant to only six peremptory challenges effectively deprived Defendant of an additional six peremptory challenges to which he was entitled. Accordingly, pursuant to the principles outlined in *Holiday* and *Cross*, *supra*, if the deprivation of a single peremptory challenge constitutes reversible error, the deprivation of six peremptory challenges, which occurred in the present matter, also amounts to reversible error.

Although an accused's deprivation of a peremptory challenge amounts to reversible error, the error is subject to the harmless error analysis. *Lewis*, 2012-1021, p. 12, 112 So.2d at 803. An error is harmless error when the verdict is surely unattributable to the verdict. *State v. Wilson*, 2012-1765, p. 19 (La. App. 4 Cir. 2/12/14), 138 So.3d 661, 675. The State has the burden of proof to show the jury's verdict was unattributable to the error. *See Lewis*, 2012-1021, p. 16, 112 So.3d at 805. Here, the State has not met its burden to show that the verdict was "surely unattributable" to the trial court's error. We reach this conclusion, in part, by noting that the juror that Defendant attempted to remove on his aborted seventh peremptory challenge was sworn in and participated in the jury deliberations which

resulted in Defendant's guilty verdict. Hence, the trial court's forcing Defendant to accept this juror on the erroneous premise that Defendant was without any remaining peremptory challenges was a substantial violation of Defendant's constitutional and statutory rights and mandates reversal of Defendant's conviction.

### *Ineffective Assistance of Counsel*

Even if Defendant waived his right to challenge the number of peremptory allowed by his counsel's failure to timely object, which this Court concludes that he did not, Defendant's argument that such a failure deprived him of effective assistance of counsel is also meritorious. The two-part test employed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in assessing an ineffective assistance of counsel claim—that the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant—was met in this case. The first test to show counsel's performance was deficient was met in that the net result of trial counsel's failure to object to the trial court's improper restrictions on Defendant's statutory right to twelve peremptory challenges was a violation of Defendant's substantial right to fair trial as outlined in *Lewis*, *Holiday*, and *Cross*, *supra*. The second test—prejudice—was clearly demonstrated when the juror the defense attempted to strike sat on the jury, participated in deliberations, and voted to convict.

Generally, ineffective assistance of counsel claims are more properly raised by application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted. *State v. St. Bernard*, 2014-0580, p. 24 (La. App. 4 Cir. 6/3/15), 171 So.3d 1063, 1079. "However, where the record is sufficient, the claims may be addressed on appeal." *Id.* An alleged error

10

that falls "within the ambit of trial strategy" is insufficient to establish an ineffective assistance of counsel claim. *See State v. Galle*, 2019-0043, p. 12 (La. App. 4 Cir. 3/20/19), 267 So.3d 114, 124. In this matter, we find the record sufficient to address Defendant's ineffective assistance of counsel claim on appeal and that the alleged error did not fall "within the ambit of trial strategy."

With regards to the sufficiency of the record, trial counsel in the motion for mistrial expressly stated that he discussed with Defendant his erroneous belief that the defense had only six peremptory challenges and that Defendant wanted a mistrial. Moreover, trial counsel's attempt to strike the seventh juror and his request for a mistrial after the trial court's acknowledgment that the parties were entitled to twelve peremptory challenges demonstrate that any error associated with the failure to object was not a part of trial strategy. Therefore, the record on appeal is sufficient to dispose of Defendant's ineffective assistance of counsel claim in favor of Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's deprivation of his statutory entitlement to twelve peremptory challenges is a substantial violation of his constitutional and statutory right to a fair jury trial. Therefore, Defendant's conviction is reversed.[3]

---

[3] A review of the sentencing transcript reveals an error patent in that the trial court failed to impose the mandatory fine required under La. R.S. 15:542.1.4.A(1) at the time of sentencing. Under that statute, "[a] person who fails to . . . periodically renew and update registration as required by the provisions of this Chapter. . . shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years…"

This court has determined that the failure to impose a mandatory fine requires that the matter be remanded for imposition of that fine. *State v. Hart,* 2010-1614, p. 4 (La. App. 4 Cir. 11/2/11), 80 So. 3d 25, 29; *State v. Williams,* 2003-0302, pp. 3-4 (La. App. 4 Cir. 10/6/03), 859 So. 2d 751, 753. However, based on this Court's decision to reverse Defendant's conviction, this error patent is moot.

