STATE OF LOUISIANA     *     NO. 2024-KA-0281

VERSUS     *

MICHAEL GLYNN CONE     *

    *

\* \* \* \* \* \* \*

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 22-0596, DIVISION "A"
Honorable Kevin D. Conner, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

Charles J. Ballay
District Attorney
Mary S. Touzet
Assistant District Attorney
PLAQUEMINES PARISH DISTRICT ATTORNEY'S OFFICE
333 F. Edward Hebert Blvd., Building 201
Belle Chasse, LA 70037

       COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

       COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED;**
**MOTION TO WITHDRAW GRANTED**
**NOVEMBER 19, 2024**

This is a criminal appeal. Defendant, Michael G. Cone ("Defendant"), was convicted by a jury of computer-aided solicitation of a minor in violation of La. R.S. 14:81.3[1] and sentenced to four and one-half years at hard labor, with credit for time served. Defendant's court-appointed appellate counsel ("Counsel") filed a brief, requesting a review of the record for errors patent, and a motion to withdraw. After a review of the record, we affirm Defendant's conviction and sentence and grant Counsel's motion to withdraw.

## FACTS AND PROCEDURAL HISTORY

On December 31, 2021, Defendant opened a Snapchat account and sent C.P.[2] a friend request. At that time, Defendant was forty-six years old, and C.P.

---

[1] Louisiana Revised Statute 14:81.3 provides in pertinent part:

> A. (1) Computer-aided solicitation of a minor is committed when a person seventeen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of seventeen where there is an age difference of greater than two years, or a person reasonably believed to have not yet attained the age of seventeen and reasonably believed to be at least two years younger, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of violence as defined in R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of seventeen, or person reasonably believed to have not yet attained the age of seventeen.

[2] In accordance with La. R.S. 46:1844(W)(1)(a), to keep confidential the identity of the victim who was a minor at the time of the offense, initials have been used in place of her name.

was fifteen years old. C.P., thinking that the request came from her friend Michael, accepted the request. Shortly afterwards, Defendant began to send sexually explicit messages, including a nude picture of himself and a close-up image of his erect penis, to C.P. Defendant then attempted to lure C.P. to meet him by sending her his location through the Snapchat app. Realizing that this was not her friend Michael, C.P. showed the messages to her aunt, who contacted C.P.'s father and called 911 to report the incident to the authorities.

Plaquemines Parish Sheriff's Office ("PPSO") dispatched deputies to C.P.'s home in Venice, Louisiana, to investigate the complaint. C.P. shared the screenshots of the messages she had received from Defendant, along with Defendant's location pin, which indicated that he was at Ditcharo Dock in Buras, Louisiana. After receiving Defendant's location information, the deputies headed to the dock. Once there, the deputies—with the permission of the dock owner—searched the area and found Defendant hiding behind a bench inside of a shipping container, where he was living at that time. Defendant was then arrested and advised of his Miranda rights.

Pursuant to a search warrant, PPSO reviewed the contents of Defendant's social media accounts and mobile phone. A forensic examination of Defendant's phone revealed two photographs of a naked male—one with a visibly-erect penis. C.P. identified the photographs as those she had received from Defendant.

On March 3, 2022, Defendant was charged with computer-aided solicitation of a minor in violation of La. R.S. 14:81.3. On March 21, 2022, Defendant pled not guilty to the charge. A jury trial commenced on November 28, 2023, and concluded on November 30, 2023. At trial, Defendant admitted to sending the images but claimed he did not intend to send them to a fifteen-year-old; he

2

believed he was sending them to an adult. At the conclusion of trial, the jury returned a verdict of guilty.

On February 20, 2024, the district court sentenced Defendant to serve four and one-half years in the Department of Corrections, with credit for time served. The district court further issued a permanent protective order for the victim, C.P. This appeal followed.

**DISCUSSION**

Counsel filed a brief requesting, as the lone assignment of error, that this Court conduct an errors patent review. Counsel contends that she complied with the procedures outlined in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles,* 96-2669 (La. 12/12/97), 704 So.2d 241, and requests to withdraw as counsel of record. In response, the State argues that Counsel has not assigned any errors for appellate review; thus, Defendant's conviction and sentence should be affirmed.

In *Anders*, the United States Supreme Court espoused that appointed counsel may request to withdraw from representation if counsel finds the case to be "wholly frivolous, after a conscientious examination of it." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. The Louisiana Supreme Court in *Jyles* further explained that an *Anders* brief "must demonstrate . . . by full discussion and analysis that [appellate counsel] has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 96-2669, p. 2, 704 So.2d at 241.

This Court in *State v. Benjamin,* 573 So.2d 528, 531 (La. App. 4th Cir. 1990), set forth the appellate court's duty when reviewing an *Anders* brief filed by

3

appointed appellate counsel:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief [on] his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal and no ruling of the district court that arguably supports an appeal, the appellate court may grant counsel's motion to withdraw and affirm a defendant's conviction and sentence. *Id*., 573 So.2d at 531.

Turning to the case *sub judice*, Counsel submitted a brief, which provided a detailed review of the procedural history, pertinent facts of the case, and evidence presented at trial. Counsel indicated that she conducted a thorough and conscientious review of the entire appellate record and found no non-frivolous issues to raise on appeal. Counsel forwarded to Defendant a copy of the brief, the motion to withdraw, and two letters—one confidential, which detailed the specific issues considered and why those issues were not briefed; and one non-confidential, which explained the meaning of the brief and informed Defendant of his rights related to this matter, including filing a brief on his own behalf. Defendant did not file a *pro se* brief.

Pursuant to *Benjamin,* this Court performed an independent and thorough review of the pleadings, minute entries, bill of information, and transcripts

contained in the appellate record. Our examination revealed that Defendant was properly charged by bill of information; Defendant was present and represented by counsel at arraignment, trial, and sentencing; and the State proved every essential element of the crime beyond a reasonable doubt as illustrated by the trial transcript.

However, we do find one error patent. The record reflects that the district court failed to specify that Defendant's sentence was to be served without benefit of parole, probation, or suspension of sentence, as required by law. *See* La. R.S. 14:81.3(B)(1)(c).[3] Notwithstanding, it is well-established that the district court's failure to recite the statutory restrictions at sentencing does not warrant a remand for resentencing. As recently provided in *State v. Jefferson*:

> This Court has applied the following analysis when statutory restrictions are not recited at sentencing:
>
>> "[P]aragraph A of La. R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court." *State v. Wyatt,* [11]-0219, p. 20 (La. App. 4 Cir. 12/22/11), 83 So.3d 131, 143 (citing *State v. Williams,* [00]-1725, [p. 10] (La. 11/28/01), 800 So.2d 790, [798-99]). Accordingly, "this Court need take no action to correct the trial court's failure to specify that the defendant's sentences be served without benefit of parole, probation or suspension of sentence" because it is statutorily effected. [*Wyatt*], [11]-0219, p. 20, 83 So.3d at 143 (citing La. R.S. 15:301.1(A)).

23-0520, pp. 11-12 (La. App. 4 Cir. 2/8/24), ___ So.3d ___, 2024 WL 489162, at *6, *writ denied*, 24-00320 (La. 11/6/24), ___ So.2d ___, 2024 WL 4688773 (citing *State v. Dominick*, 13-0270, pp. 3-4 (La. App. 4 Cir. 1/30/14), 133 So.3d 250, 252).

---

[3] La. R.S. 14:81.3(B)(1)(c) provides:

> Whoever violates the provisions of this Section, when the victim is a person reasonably believed to have not yet attained the age of seventeen, shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than two years nor more than ten years, without benefit of parole, probation, or suspension of sentence.

As such, this Court is not required to take any action with respect to the district court's error in not expressly citing the sentence's restriction; the error is "statutorily self-correcting." *Id.* at p. 12, ___ So.3d ___, 2024 WL 489162, at *6.

Based upon this Court's review, and finding no non-frivolous issues or ruling which arguably support an appeal, we affirm Defendant's conviction and sentence. In addition, Counsel's motion to withdraw is granted.

## DECREE

For the foregoing reasons, we affirm Defendant's conviction and sentence and grant Counsel's motion to withdraw.

**AFFIRMED;**
**MOTION TO WITHDRAW GRANTED**